UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>  Plaintiff,<br><br>  v.<br><br>PAMELA JEAN DOMINISSE,<br><br>  Defendant. | No.  2:24-cv-0448 DJC SCR P<br><br><br>ORDER |

   Ronald Eugene James, a Sacramento County jail detainee, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff initiated this action with a complaint and motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Prior to the court's screening of the complaint as required by 28 U.S.C. § 1915(e), plaintiff filed a first amended complaint. (ECF No. 7.) Plaintiff has also filed several other pending motions.

   The court construes the filing of the first amended complaint as a motion to amend. So construed, the court grants the motion and treats the first amended complaint as the operative complaint. The first amended complaint fails to state a claim, but plaintiff is granted leave to file a further amended complaint within 30 days.

////

////

I. **In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis (ECF No. 2) makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most

2

favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### III.    Allegations in the First Amended Complaint

Plaintiff challenges conduct or omissions by attorneys, all of which relates to his criminal cases in Sacramento County, Case No. 19FE014992, Case No. 19FE014994, and Case No. 19FE021761. (ECF No. 8 at 4-15.) The defendant attorneys were either appointed to represent plaintiff or are alleged to have held supervisory roles at the Sacramento County Public Defender's Office or the Sacramento County Conflict Criminal Defender. (Id. at 1-3.) Plaintiff filed "Marsden Motions" which were repeatedly denied. (Id. at 4, 6, 10.) Plaintiff alleges the attorney defendants breached their duties and failed to give plaintiff effective assistance of counsel or failed to ensure plaintiff received effective assistance of counsel. (Id.) The defendants who supervised plaintiff's attorneys failed to correct what they knew to be reckless misconduct. (Id. at 12.)

Through this action, plaintiff seeks declaratory judgment, monetary damages, and equitable relief. (ECF No. 8 at 16.) The first amended complaint also asks the court to "stay all Sacramento County/Superior Court proceedings" for Case No. 19FE021761 and Case No. 19FE014992. (Id. at 1.)

### IV.    Discussion

#### A.    Judicial Notice of Plaintiffs' Criminal Cases

On the court's own motion, the court takes judicial notice of the existence of plaintiff's pending criminal cases in Sacramento County, Case No. 19FE014992, Case No. 19FE014994, and Case No. 19FE021761, each of which is open, active, and set for a further hearing to take place on December 13, 2024.[1] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

---

[1] Case records from the Sacramento County Superior Court can be found at https://services.saccourt.ca.gov/PublicCaseAccess/Criminal, last visited 11/12/2024.

**B.  Younger Abstention on Declaratory Judgment and Injunctive Relief Claims**

Based on the allegations in first amended complaint, all of plaintiff's claims involve ongoing state court proceedings in the three criminal cases, the existence of which the court has taken judicial notice. Plaintiff's request for declaratory and injunctive relief is barred by the doctrine of Younger v. Harris, 401 U.S. 37, 43-54 (1971).

Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger, 401 U.S. at 43-54. Younger abstention is required when (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982). "When a case falls within the proscription of Younger, a district court must dismiss the federal action." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986).

The first prong of Younger is met because the three cases plaintiff identifies in the complaint are active state criminal cases with pending proceedings still ongoing. See Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988) (the pendency of the state proceedings is determined at the time the federal petition is filed). In addition, the second prong of Younger is met because an important state interest is implicated in petitioner's criminal resentencing proceeding. See Kelly v. Robinson, 479 U.S. 36, 49 (1986).

The third part of Younger's test is also satisfied. By their nature, state criminal proceedings provide an opportunity for constitutional questions to be presented. Federal courts assume state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987); see also Duke v. Gastelo, 64 F.4th 1088, 1096 (9th Cir. 2023) ("Properly framed, the third requirement for Younger abstention asks whether there remains an opportunity to litigate the federal claim in a state-court proceeding at the time the federal court is considering whether to abstain.")

Here, as set forth, petitioner's criminal cases are active cases with further hearings set to take place in the superior court. Under these circumstances, the court finds no indication plaintiff is unable to bring his constitutional challenges in the still-pending criminal cases. In addition, plaintiff's allegations do not set forth extraordinary circumstances which would warrant federal intervention. Middlesex County Ethics Comm'n, 457 U.S. at 435; Brown v. Ahern, 676 F.3d 899, 900-901 (9th Cir. 2012). Accordingly, this court must abstain from ruling on plaintiff's claims for declaratory and injunctive relief.

### C. Failure to State a Damages Claim

Plaintiff cannot bring a claim for damages under 42 U.S.C. § 1983 against any attorney assigned to represented him in his criminal cases. A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983.

A public defender representing a client in the lawyer's traditional adversarial role is not a state actor for purposes of § 1983. See Vermont v. Brillon, 556 U.S. 81, 91 (2009) ("assigned counsel ordinarily is not considered a state actor") (citing Polk County v. Dodson, 454 U.S. 312 (1981)). An attorney acting in the role of a public defender may act for the State "when making hiring and firing decisions on behalf of the State," and "while performing certain administrative and possibly investigative functions." Polk County, 454 U.S. at 325. Plaintiff does not allege any conduct by a defendant that would qualify as action taken under color of state law for purposes of this civil rights suit. Instead, plaintiff's allegations relate to alleged conduct or omissions of the defendants pertaining to the attorneys' adversarial roles in plaintiff's own criminal cases. Thus, to the extent plaintiff seeks damages from the attorneys assigned to represent him in criminal proceedings, the complaint fails to state a claim for relief.

In addition, to any extent plaintiff seeks to hold the supervisory attorneys liable in their official capacities as representatives for the local government entity, the complaint fails to state a claim. To impose liability on a local governmental entity for failing to act to preserve constitutional rights, plaintiff must allege facts showing the execution of an official policy or

unofficial custom inflicted the injury. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). In order to make such a showing, a plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 389-91 (1989)). Plaintiff does not allege facts suggesting the existence of a policy, or the lack of a formal policy, was the moving force behind a constitutional violation. Accordingly, plaintiff fails to state a claim for damages against any attorney-defendant in their official capacity as representative for the County of Sacramento, the Sacramento County Public Defender, or the Sacramento County Conflict Public Defender.

### D. Plaintiff's Pending Motions

Plaintiff has filed four motions which the court construes as motions for the court to perform the screening of his operative complaint required by 28 U.S.C. § 1915(e). (ECF Nos. 7, 10, 11, and 12.) So construed, in light of the present screening order, the court grants these motions.

Plaintiff also filed a motion to recuse the magistrate judge previously assigned to this case. (ECF No. 13.) Based on the reassignment of this case to the undersigned, this case is no longer assigned to the magistrate judge whom plaintiff seeks to recuse. The motion to recuse is denied as moot.

### V.     Conclusion and Order

For the reasons set forth above, plaintiff has not stated a cognizable claim for damages or declaratory or injunctive relief. It appears plaintiff will be unable to state a claim to the extent he is challenging alleged ineffective assistance of counsel or breach of duties in connection with his criminal case by attorneys associated with the Sacramento County Public Defender or Sacramento County Conflict Public Defender. However, because it is not absolutely clear there is no set of facts plaintiff could allege to state a claim, plaintiff is granted an opportunity to file a further amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If

plaintiff chooses to file an amended complaint, it should be titled "Second Amended Complaint" and must be complete in itself without reference to the prior or superseded pleading. E.D. Cal. Local Rule 220. This opportunity to amend is not for the purpose of adding new and unrelated claims.

In the alternative, plaintiff may choose to stand on the first amended complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will have an opportunity to file objections, and a district judge will determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue this case, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. Plaintiff's motions construed as motions for the court to screen his complaint (ECF Nos. 7, 10. 11, 12) are granted.

4. Plaintiff's motion to recuse the previously assigned magistrate judge (ECF No. 13) is denied as moot.

5. Plaintiff's first amended complaint is deemed the operative complaint and is dismissed with leave to amend.

6. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

7. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a. A second amended complaint curing the deficiencies identified in this order;

    b. A notice of election to stand on the first amended complaint as filed; or

    c. A notice of voluntary dismissal.

8. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Date: December 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE