1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:24-cv-00448 DJC SCR P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PAMELA JEAN DOMINISSE, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's second amended complaint ("SAC") for screening (ECF No. 18) and request for screening (ECF No. 22). Plaintiff's request of screening is granted. For the reasons set forth below, the undersigned finds that plaintiff's SAC fails to state a claim for relief and recommends the action be dismissed without leave to amend.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325

1

1 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

2 legal theory or factual contentions that are baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical

3 inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

4 factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989).

5       In order to avoid dismissal for failure to state a claim a complaint must contain more than

6 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

7 of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007). In other words,

8 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9 statements do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A claim upon which the

10 court can grant relief has facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial

11 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

12 inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. When

13 considering whether a complaint states a claim, the court must accept the allegations as true,

14 <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

15 favorable to the plaintiff, <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

16 **PROCEDURAL HISTORY**

17       In its prior screening order, the court determined that plaintiff's first amended complaint

18 ("FAC") did not state a § 1983 claim for damages against any of the attorney-defendants and its

19 requests for declaratory and injunctive relief was barred by the doctrine of <u>Younger v. Harris</u>, 401

20 U.S. 37, 43-54 (1971). (ECF No. 15.) The court allowed plaintiff 30 days to file an amended

21 complaint that cured the deficiencies. When more than 30 days passed without a response, the

22 court issued an order to show cause why the case should not be dismissed for failure to obey a

23 court order and failure to prosecute. (ECF No. 17.) Plaintiff then filed his SAC and a subsequent

24 response explaining that he had timely filed the SAC but was having "challenges" with the jail's

25 mail system. (ECF No. 19 at 1-2.) For good cause shown, the order to show cause is discharged.

26 **PLAINTIFF'S SAC**

27 **I.    Factual Allegations**

28       Plaintiff's SAC challenges the actions and omissions of defendant-attorneys during three

1    of his criminal proceedings, Case Nos. 19FE014992, 19FE014994, and 19FE021761.  (ECF No.

2    18.)  It names as defendants a public defender, two conflict criminal attorneys, and the estate of a

3    deceased conflict criminal attorney.  (Id. at 2.)  Plaintiff alleges that his attorneys allowed

4    prosecutors to associate him with another case that put him at risk of harm from other inmates and

5    failed to object to prosecutors' request for extensions of time to locate witnesses.  (Id. 4-5.)

6    Throughout the state court proceedings, defendants waived plaintiff's statutory and constitutional

7    rights without his consent.  (Id. at 6-10.)  For instance, defendants sought their own extensions of

8    time without his consent, thereby denying his right to a speedy trial.  (Id. at 6-8.)

9         Plaintiff alleges defendants' actions constitute breach of fiduciary duties under the

10   Fourteenth Amendment, gross negligence, and legal malpractice.  (ECF No. 18 at 4-10.)  He

11   suffered injuries as a result, including defamation, extreme emotional and mental stress, and

12   anxiety.  He requests a declaration that the acts and omissions described herein violated his rights

13   under federal and state law, court costs, compensatory and punitive damages against each

14   defendant, and any other relief the court deems "just, proper, and equitable."  (Id. at 11.)

**DISCUSSION**

### I.    42 U.S.C. § 1983

17        A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,

18   privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity,

19   including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim

20   under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law

21   (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v.

22   County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

23        As the court advised in its prior screening order, plaintiff cannot bring a claim for

24   damages under § 1983 against any attorney assigned to represented him in his criminal cases.  A

25   public defender representing a client in the lawyer's traditional adversarial role is not a state actor

26   for purposes of § 1983.  See Vermont v. Brillon, 556 U.S. 81, 91 (2009) ("assigned counsel

27   ordinarily is not considered a state actor") (citing Polk County v. Dodson, 454 U.S. 312 (1981)).

28   The acts and omissions that plaintiff complains of here all pertain to their "traditional adversarial

3

1  roles" in his state criminal proceedings.  Plaintiff does not allege any other conduct by defendants

2  that would qualify as actions under color of state law for purposes of § 1983.  See Vermont, 556

3  U.S. at 91 n.7 (public defender may act for state "'when making hiring and firing decisions on

4  behalf of the State,' and 'while performing certain administrative and possibly investigative

5  functions.'" (quoting Polk County, 454 U.S. at 325)).  Accordingly, to the extent plaintiff seeks

6  damages from the attorneys assigned to represent him in criminal proceedings, the complaint fails

7  to state a claim for relief.  See 28 U.S.C. § 1915A(b)(1).

8      **II.**    **Younger Abstention**

9          Because the SAC implicates plaintiff's state court criminal proceedings, the court will

10  consider whether to abstain pursuant to Younger.  Younger abstention is required if four elements

11  are met: (1) a state-initiated proceeding is ongoing; (2) that proceeding implicates important state

12  interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional

13  challenges; and (4) the requested relief either seeks to enjoin or has the practical effect of

14  enjoining the ongoing state judicial proceeding.  See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th

15  Cir. 2018).  All four elements must be satisfied to warrant abstention.  See AmerisourceBergen

16  Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).  "When a case falls within the proscription

17  of Younger, a district court must dismiss the federal action."  Fresh Int'l Corp. v. Agricultural

18  Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986).

19          The court finds all four elements are met here.  First, although all three of plaintiff's

20  criminal cases are now "disposed,"[1] judgment and sentencing in Case Nos. 19FE014992 and

21  19FE021761 occurred on February 14, 2025, nine days after plaintiff's SAC was entered.  The

22  Ninth Circuit has "reject[ed] the proposition that abstention was unwarranted if the state

23  proceedings had terminated after the federal filing but before the federal decision regarding

24  abstention."  M&A Gabaee v. Cmty. Redevelopment Agency of City of Los Angeles, 419 F.3d

---

[1]  The court again on its own motion takes judicial notice of the existence of plaintiff's criminal cases in Sacramento County, Case Nos. 19FE014992, 19FE014994, and 19FE021761.  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

25

26

27

28

1036, 1042 (9th Cir. 2005) (interpreting <u>Beltran v. California</u>, 871 F.2d 777, 781 (9th Cir. 1988)).

Therefore, these two cases are "ongoing" for purposes of <u>Younger</u>.

The second prong of <u>Younger</u> is met because plaintiff's criminal proceedings implicate an important state interest.  "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986) (citing <u>Younger</u>, 401 U.S. at 44-45).  The third part of <u>Younger's</u> test is also satisfied.  By their nature, state criminal proceedings provide an opportunity for constitutional questions to be presented. Federal courts assume state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary."  <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 15 (1987).

Finally, challenges to the effectiveness of counsel have the "practical effect of enjoining or interfering with any ongoing state judicial proceedings in the underlying criminal case."  <u>See Azevedo v. Pfeiffer</u>, No. 2:21-cv-0187 KJM AC P, 2023 WL 2746058, at *3 (E.D. Cal. Mar. 31, 2023), <u>report and recommendation adopted,</u> No. 2:21-cv-0187 DJC AC P, 2023 WL 3571950 (E.D. Cal. May 19, 2023).  Accordingly, because all four elements are met, dismissal of the action is appropriate under <u>Younger</u>.

### III.    Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state any valid claims for relief against the four attorney-defendants.  Plaintiff fails to state a claim for damages because the four court-appointed attorney-defendants are not state actors for purposes of § 1983, and <u>Younger</u> bars the court from interfering in his ongoing criminal proceedings.

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  <u>Cato v. United States</u>, 70 F.3d 1103, 1105-06 (9th Cir. 1995).  Plaintiff has already been given an opportunity to

1  amend the complaint and advised what kind of information he needed to provide.  Given the

2  additional facts provided by plaintiff, it does not appear that further amendment would result in a

3  cognizable claim.  As a result, leave to amend would be futile and the complaint should be

4  dismissed without leave to amend.[2]

5                                               **CONCLUSION**

6          In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for

7  screening (ECF No. 22) is granted.

8          IT IS FURTHER RECOMMENDED that the second amended complaint (ECF No. 18) be

9  dismissed without leave to amend for failure to state a claim.

10         These findings and recommendations are submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

12  after being served with these findings and recommendations, plaintiff may file written objections

13  with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

14  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

15  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

16  (9th Cir. 1991).

17  DATED: May 15, 2025

18

19                                              SEAN C. RIORDAN
                                               UNITED STATES MAGISTRATE JUDGE

20

21

22

23

---

24  [2]  To the extent that plaintiff is seeking to overturn his underlying state court conviction due to the
      alleged ineffective assistance of counsel provided by his court-appointed attorneys, the court
25    advises that "a writ of habeas corpus is his sole remedy in federal court and such habeas relief
      may be pursued only after exhausting all of his constitutional claims in state court."  See Moore v.
26    Hensley, No. CIV S-10 0170 DAD P, 2010 WL 399140, at *2 (E.D. Cal. Jan. 29, 2010)
      (dismissing, on screening, § 1983 action premised on ineffective assistance of court-appointed
27    counsel), report and recommendation adopted, Moore v. Hensley, No. CIV S-10 0170 JAM DAD
      P, 2010 WL 399140, at *2 (E.D. Cal. Mar. 23, 2010).
28
                                                    6